IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 20–cv–02782–KMT

SAMUEL VALLEJOS,

    Plaintiff,

v.

"CAPTAIN" RAY WALSH,

    Defendant.

---

## ORDER

---

Before the court is Plaintiff's "Motion for Default Judgment to be Entered for Failure to Respond to a Subpoena." (["Motion"], Doc. No. 41.) Defendant has responded in opposition to the Motion. (["Response"], Doc. No. 45.) No reply brief has been filed, and the time to do so has lapsed.

### STATEMENT OF THE CASE

*Pro se* Plaintiff Samuel Vallejos ["Mr. Vallejos," or "Plaintiff"], a pretrial detainee at the Huerfano County Jail ["HCJ"], brings this lawsuit under 42 U.S.C. § 1983, asserting violations of his constitutional rights by an employee of the Huerfano County Sheriff's Office, Defendant "Captain" Ray Walsh ["Captain Walsh," or "Defendant"]. (["Amended Complaint"], Doc. No. 20.) Mr. Vallejos alleges, specifically, that in December 2018, while he was being held at HCJ, Captain Walsh unlawfully "seized," "opened," and "read" his "legal mail," without his

knowledge or consent, so as to "harass," "intimidate," and "humiliate" him. (*Id.* at 4.) Plaintiff claims that Defendant has committed this type of "mal[ic]ious act" against him "on more than one occasion," motivated solely by the fact that he was the "main witness," "investigator," and "charging officer" in Plaintiff's underlying criminal case. (*Id.* at 5-6.)

Mr. Vallejos commenced this lawsuit, on September 14, 2020, initially against four named defendants and ninety-five John Does. (Doc. No. 1.) On January 4, 2021, Mr. Vallejos filed an Amended Complaint, asserting two claims against Captain Walsh,[1] in his individual and official capacities: (1) a Sixth Amendment intentional intrusion claim; and (2) a Fourteenth Amendment due process claim.[2] (Am. Compl. 2, 4-6.) As relief, Plaintiff requests monetary damages, in the amount of $750,000.00. (*Id.* at 6, 14.)

On February 16, 2021, the Deputy Clerk of Court directed the United States Marshals Service to serve Captain Walsh at the address provided by Mr. Vallejos in his operative pleading: 500 South Albert Street, Walsenburg, CO 81089. (Doc. No. 29; *see* Am. Compl. 2.) Nine weeks later, on April 21, 2021, the United States Marshals Service filed a proof of service, indicating that personal service of Captain Walsh was completed on April 6, 2021, by leaving a copy of the summons and Amended Complaint with "Melionie Pettie" at 500 South Albert Street, Walsenburg, CO 81089. (Doc. No. 38.) After Captain Walsh's responsive pleading deadline then lapsed, on July 23, 2021, Mr. Vallejos filed the present Motion, requesting that a default judgment be entered against Captain Walsh, in accordance with Federal Rule of Civil Procedure

---

[1] All other defendants have since been dismissed from this lawsuit. (*See* Doc. No. 23.)

[2] The Amended Complaint also appears to allege a violation of 28 C.F.R. § 540.18(a), which governs the processing of a federal inmate's "special mail." (Am. Compl. 4); *see* 28 C.F.R. §§ 540.18(a)-(b), 540.19.

55. (Mot. 1.) Pursuant to this court's order, on August 13, 2021, Captain Walsh filed a response to the present Motion, in which he argues that default judgment should not be entered against him. (Resp. 1; *see* Doc. No. 42.) Defendant asks the court to excuse his failure to answer or otherwise respond to the Amended Complaint within the requisite time frame to do so, insisting that he "was genuinely unaware of the served documents at the time of original service." (Resp. 1-3.) The critical inquiry for the court to decide is whether Captain Walsh's failure to timely defend against this action should be excused, or whether, as Mr. Vallejos requests, a default judgment should be entered.

## STANDARD OF REVIEW

### I. Pro Se *Plaintiff*

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding the allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (stating that a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*,

927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").  The plaintiff's *pro se* status does not entitle him to an application of different rules.  *Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

## II. Federal Rule of Civil Procedure 55(c)

The court construes the present Motion as both an application for the Clerk's entry of default, pursuant to Federal Rule of Civil Procedure 55(a), and a motion for default judgment, pursuant to Federal Rule of Civil Procedure 55(b).  Generally, under Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  However, in this case, Defendant has responded in opposition to Plaintiff's request for the entry of default, and thus, no action has been taken by the Clerk as to that request.  Under these circumstances, the court evaluates Captain Walsh's Response to the present Motion under the "good cause" standard of Federal Rule of Civil Procedure 55(c) ["Rule 55(c)"], which governs requests to set aside entries of default, to determine whether default should, in fact, be entered. *See Brown v. Tennison*, No. 19-cv-00941-RM-SKC, 2020 WL 12372892, at *1 (D. Colo. Jan. 14, 2020) (evaluating a defendant's response to a pending motion for entry of default under Rule 55(c)); *Harris v. City of Kan. City*, No. 18-CV-2084-JAR-GEB, 2018 WL 3934040, at *1 (D. Kan. Aug. 16, 2018) (same).

Rule 55(c) authorizes a court to set aside an entry of default "for good cause."  Fed. R. Civ. P. 55(c).  "[T]he good cause required by [Rule] 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for

relief from judgment under [Rule] 60(b)." *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997) (citations omitted); *see also Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970) (noting that the "preferred disposition of any case is upon its merits and not by default judgment"). In evaluating whether to set aside the entry of default, relevant factors include "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Watkins v. Donnelly*, 551 F. App'x 953, 958 (10th Cir. 2014) (quoting *Pinson v. Equifax Credit Info. Servs.*, 316 F. App'x 744, 750 (10th Cir. 2009)). These factors are nonexclusive; the court may consider other factors in its discretion. *Guttman v. Silverberg*, 167 F. App'x 1, 3 (10th Cir. 2005) (citing *Dierschke v. O'Cheskey (In re Dierschke)*, 975 F.2d 181, 183 (5th Cir. 1992)). The decision whether to set aside an entry of default lies within the discretion of the trial court. *Ashby v. McKenna*, 331 F.3d 1148, 1152 (10th Cir. 2003).

## ANALYSIS

### I. Willful Conduct

The first factor addresses whether Captain Walsh's failure to respond to the Amended Complaint was "willful," or otherwise resulted from his "culpable conduct." *Watkins*, 551 F. App'x at 958; *Hunt v. Ford Motor Corp.*, 65 F.3d 178, 1995 WL 523646, at *3 (10th Cir. Aug. 29, 1995) (table decision). "If the default was the result of the defendant's culpable conduct, the district court may refuse to set aside the default on that basis alone." *Hunt*, 65 F.3d at *3. In general, "a party's conduct will be considered culpable only if the party defaulted willfully or has no excuse for the default." *Cincinnati Specialty Underwriters Ins. Co. v. Urbano*, 687 F. App'x 778, 780 (10th Cir. 2017) (unpublished) (citation omitted). "A late filing, without more, does not

make a party's conduct willful for purposes of Rule 55(c)." *AmAir, Inc. v. Gapex Aviation SP. Z O.O.*, No. 15-cv-02596-CMA-KLM, 2016 WL 9735732, at *2 (D. Colo. Nov. 16, 2016); *see Watkins*, 551 F. App'x at 958 (setting aside default, where the defendant failed to file an answer); *see also Crapnell v. Dillon Cos., Inc.*, No. 14-cv-01713-KLM, 2015 WL 328524, at *5 (D. Colo. Jan. 23, 2015) (stating that "an unintentional or good faith mistake is not considered culpable conduct for purposes of Rule 55(c)").

In his Response, Captain Walsh concedes that the United States Marshals Service did effect personal service of him, on April 6, 2021, by leaving a copy of the summons and Amended Complaint with "Ms. Pettie" at his place of employment, 500 South Albert Street, Walsenburg, CO 81089. (Resp. 2; *see* Doc. No. 38.) However, Captain Walsh claims that, due to an apparent "administrative failure within the [Huerfano County] Sheriff's [O]ffice," he "did not receive the served documents from Ms. Pettie." (Resp. 2-3.) Captain Walsh reports that he was not even aware of this lawsuit's existence until several months after service was completed, when he received a mailed copy of this court's July 23, 2021 Minute Order, as well as copies of the summons and the present Motion. (*Id.* at 1, 3; *see* Doc. Nos. 42-43.) Defendant explains that, immediately upon his receipt of those documents, he "took action to secure counsel and has worked with counsel to prepare this Response." (Resp. 2; *see* Doc. No. 44.) Captain Walsh insists that he "acted in good faith," and he stresses that, as "a law enforcement officer," he "simply would not ignore court documents directed and given to him." (Resp. 2-3.)

As to the first factor, the court is satisfied that Defendant's conduct was not willful and that his intentions were to mount a defense in this case. The circumstances surrounding Captain Walsh's failure to file a responsive pleading suggest conduct that rises to the level of, at most,

6

negligence. *See AmAir*, 2016 WL 9735732, at *3 (finding the first factor to show "excusable reasons for default," where the defendant's corporate officer "mistakenly" filed the defendant's answer "without the assistance of an attorney"). Accordingly, the first factor weighs against the entry of default.

## II. Prejudice to Plaintiff

As to the second factor, the court must consider whether Plaintiff would suffer prejudice, if Defendant's failure to timely respond to the Amended Complaint was to be excused. *Watkins*, 551 F. App'x at 958. "Prejudice requires 'more than mere delay' or an increase in litigation costs." *AmAir*, 2016 WL 9735732, at *3 (quoting *Pharmatech Oncology v. Tamir Biotechnology*, No. 11-cv-01490-LTB-KMT, 2011 WL 4550202, at *10 (D. Colo. Oct. 3, 2011)). Rather, Mr. Vallejos must show prejudice "in a more concrete way, such as loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Pharmatech Oncology*, 2011 WL 4550202, at *10 (quoting *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 785 (8th Cir. 1998)). "There is no prejudice to the plaintiff where 'the setting aside of the default has done no harm to [the] plaintiff except to require [him] to prove [his] case." *Crapnell*, 2015 WL 328524, at *7 (quoting *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000)).

In this case, Mr. Vallejos has not alleged any prejudice arising from Captain Walsh's delay in responding to the allegations against him.[3] Nor does the court find anything within the

---

[3] Although Captain Walsh's failure to timely file a responsive pleading did arguably prejudice Mr. Vallejos, insofar as Mr. Vallejos was compelled to file the present Motion, the court notes that Mr. Vallejos did not file the Motion until nearly four months after Captain Walsh's responsive pleading deadline had lapsed, and only after this court explicitly warned him of the potential consequences of his continued failure to prosecute this action. (Doc. No. 40.)

record to suggest that the delay has affected the viability of Plaintiff's claims, particularly at this early stage of the litigation, where a scheduling order has not yet been entered. *Harris*, 2018 WL 3934040, at *2 (finding only minimal prejudice to the plaintiff resulting from the defendant's failure to timely answer the complaint, where discovery had not yet commenced and an initial scheduling conference had not yet been held). Notably, Captain Walsh responded to the present Motion within fifteen days of its filing, and *before* any entry of default. The court does not find that this "slight delay" will prejudice Plaintiff's ability to prosecute his case. *See Apex Mobility Transp., LLC v. First Transit, Inc.*, No. 14-cv-02645-REB-MEH, 2015 WL 59553, at *3 (D. Colo. Jan. 2, 2015) (finding no prejudice to the plaintiff in setting aside the entry of default, where the defendant moved to vacate the entry of default within two weeks of its entry, and where the case was "still in its early stages"); *Zen & Art of Clients Server Computing, Inc. v. Res. Support Assocs., Inc.*, No. 06-cv-00239-REB-MEH, 2006 WL 1883173, at *3 (D. Colo. July 7, 2006) (finding no prejudice where the defendant's attorney entered an appearance seven days after the clerk's entry of default, and where the motion to set aside default was filed within ten days of the entry of default); *Currie v. Woods*, 112 F.R.D. 408, 410 (E.D.N.C. 1986) (finding no prejudice, where the motion to set aside default was filed eighteen days after default was entered); *see also Elmer v. All Around Roustabout, LLC*, No. 15-cv-00601-RM-KLM, 2015 WL 6549305, at *4 (D. Colo. Oct. 7, 2015) (observing that prejudice to the plaintiff is "mitigated when the defendant acted quickly to remedy the mistake"). Accordingly, this factor also favors Defendant.

### III. Meritorious Defense

The final factor addresses whether Captain Walsh has presented "a meritorious defense." *Watkins*, 551 F. App'x at 958. In general, "a motion under Rule 55(c) will be granted only after a defendant has shown that [he] has a meritorious defense to the action." *Resolution Trust Corp. v. Colo. 126 P'ship*, 746 F. Supp. 35, 37 (D. Colo. 1990) (citation omitted). "The underlying concern is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Id.* In evaluating whether Defendant has presented a meritorious defense, "the court examines the allegations contained in the moving papers to determine whether the movant's version of the factual circumstances surrounding the dispute, if true, would constitute a defense in the action." *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978). The burden to show a meritorious defense is light. *See United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1094 (9th Cir. 2010) (noting that "[a]ll that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense"); *Coon v. Grenier*, 867 F.2d 73, 77 (1st Cir. 1989) (A movant is not required to "demonstrate a likelihood of success on the merits.").

Captain Walsh contends, in his Response, that Mr. Vallejos's claims fail to satisfy the requisite pleading standard. (Resp. 4-8.) Defendant also argues that "the central allegation" against him—*i.e.,* that he "seized," "opened," and "read" Plaintiff's legal mail—is fatally flawed, because he only opened the mail out of "mistake" and "did not read the subject correspondence." (*Id.* at 8-9.) The court is satisfied that these assertions, if proven at trial, could lead to an outcome "contrary to the result achieved by the default." *Resolution Trust Corp.*, 746 F. Supp. at 26; *see Cannon v. SFM, LLC*, No. 18-2364-JWL, 2018 WL 5791614, at *2 (D. Kan. Nov. 5,

2018) (finding a Title VII defendant's contention—that he "did not unlawfully discriminate or retaliate against [the] plaintiff in any way"—sufficient to constitute a "meritorious defense" for purposes of Rule 55(c)).  Thus, the third factor also weighs in favor of Captain Walsh.

### *IV.  Conclusion*

On this record, then, the court finds that Defendant has established "good cause" under Rule 55(c), such that a default judgment should not be entered against him.

Accordingly, it is

**ORDERED** that the "Motion for Default Judgment to be Entered for Failure to Respond to a Subpoena" (Doc. No. 41) is **DENIED**.  It is further

**ORDERED** that Defendant shall have until **December 17, 2021** within which to file a responsive pleading to the Amended Complaint (Doc. No. 20).

Dated this 3rd day of December, 2021.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge